IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON MONTEIRO,  :
    Petitioner  :
      : No. 1:20-cv-1956
v.  :
      : (Judge Kane)
STEPHEN SPAULDING,  :
    Respondents  :

**MEMORANDUM**

On October 23, 2020, pro se Petitioner Jason Monteiro ("Petitioner"), a federal prisoner incarcerated at United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In an Order dated October 30, 2020, the Court directed Respondents to file a response to the § 2241 petition within twenty (20) days. (Doc. No. 4.) Respondents filed their answer on November 19, 2020. (Doc. No. 6.) Petitioner filed a traverse on December 9, 2020. (Doc. No. 7.) Accordingly, Petitioner's § 2241 petition is ripe for disposition. For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice as unexhausted.

**I.    BACKGROUND**

Petitioner is an inmate currently confined at the satellite camp at USP Lewisburg since June 18, 2018. (Doc. No. 6 at 2.) Petitioner is serving a sixty month term of imprisonment imposed by the United States District Court for the District of Nevada for conspiracy to possess with intent to distribute a controlled substance. (*Id.*) His current projected release date is May 7, 2022, assuming he receives all good conduct time he could potentially earn. (*Id.*)

Petitioner initiated this habeas action on October 23, 2020, challenging how his time credits have been calculated and requesting the Court issue an order for "immediate release" and

"transfer to home confinement/supervised release." (See Doc. 1 at 6-8.) In addition, Petitioner requests that he be credited with "one (1) year of home confinement credit for two (2) years of FSA programming." (See id. at 13.) Petitioner admits in his petition that he has failed to exhaust his administrative remedies. (Id. at 15-17.) He argues that his ground for relief involves only an issue of statutory interpretation and that exhaustion would be futile. (Id.)

Respondents filed an answer arguing that, inter alia, Petitioner has failed to exhaust his administrative remedies. (Doc. 6 at 3.) In Petitioner's traverse, Petitioner reiterates the arguments that he makes in the petition. (Doc. 7.)

## II. DISCUSSION

A prisoner must exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); Arias v. U.S. Parole Comm'n, 648 F.2d 196 (3d Cir. 1981). Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See Moscato, 98 F.3d at 761-62. Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative process. See Woodford v. Ngo, 548 U.S. 81, 90-92 (2006); Jones v. Bock, 549 U.S. 199, 218 (2007) (holding that proper exhaustion is defined by applicable prison requirements).

In order to exhaust administrative remedies, a federal prisoner must first attempt to informally resolve the dispute with institution staff. See 28 C.F.R. § 542.13. Then, if informal resolution efforts fail, the prisoner may raise his complaint to the warden of the institution in which he is confined. See 28 C.F.R. § 542.14. If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response. See 28 C.F.R. § 542.15. Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons within thirty days from the date of the regional director's response. See 28 C.F.R. § 542.15. No administrative remedy appeal is considered to have been exhausted until it is decided on its merits by the Central Office. See 28 C.F.R. §§ 542.10–542.19.

Here, Petitioner admits in the petition that he has failed to exhaust his administrative remedies but argues that requiring him to exhaust would be futile. In certain circumstances, courts have excused the exhaustion requirement, including when requiring a prisoner to exhaust his administrative remedies would be futile or the issue involves only statutory construction. See, e.g., Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (stating that "exhaustion is not required with regard to claims which turn only on statutory construction"); Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (finding exhaustion excused upon petitioner showing futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir.1988) (finding exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights); Carling v. Peters, No. 00-CV-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (holding that exhaustion excused where delay would subject petitioner to irreparable injury in the context of military enlistment). Petitioner presents no facts from which this Court could conclude that exhaustion would be futile. Further, over the past year, the

district courts have held that prisoners are still required to exhaust their administrative remedies as to requests for home confinement and that exhaustion in such a circumstance is not futile, even in the context of a pandemic. See, e.g., Jackson v. White, No. 20-cv-919, 2020 WL 3036075, at *7 (M.D. Pa. June 5, 2020); Cordaro v. Finley, No. 3:10-CR-75, 2020 WL 2084960, at *5 (M.D. Pa. April 30, 2020).

Petitioner cites a decision from the United States District Court for the District of New Jersey, Goodman v. Ortiz, No. 20-cv-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), where the court excused the petitioner's failure to exhaust his administrative remedies because the issue involved in his habeas petition involved only statutory construction. There, both parties admitted that the petitioner had completed the activities needed for an earlier release date under the First Step Act, 18 U.S.C. § 3632(a), and that petitioner would be eligible for these additional time credits due to his completion of these activities. The respondent, however, contended that it was not required to award this additional time credit to the petitioner until after the two year phase-in period for the statute had expired on January 15, 2022. Goodman is inapplicable to Petitioner's circumstance because the parties dispute whether Petitioner has earned additional time credits to be awarded under the First Step Act. Thus, the issue here is not one only involving statutory construction.

Requiring exhaustion in Petitioner's circumstance makes sense. For example, he complains in his petition that he does not have a written record of his eligibility for earned time credit under the First Step Act. By filing an administrative remedy, Petitioner would presumably get a written response that would detail what, if any, eligibility he has. Petitioner has failed to exhaust his administrative remedies, and he has also failed to demonstrate that doing so would be

futile. As such, the petition must be dismissed.[1] See Arias, 648 F.2d at 199 (noting that if a prisoner does not exhaust available administrative remedies, the petition should be dismissed).

### III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice. An appropriate Order follows.

---

[1] The Court notes that the administrative remedy process is still available to Petitioner, and thus Petitioner's claim is not procedurally defaulted. Petitioner is free to exhaust his administrative remedies and then file another § 2241 habeas petition. In the alternative, if the claim were procedurally defaulted, Petitioner has failed to present any cause for his failure to exhaust his administrative remedies. See Moscato, 98 F.3d at 761 ("[I]f a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice.").